**UNITED STATES of America**

v.

**Jerome SMITH, Defendant.**

United States District Court
S. D. New York.

Dec. 4, 1958.

Arthur H. Christy, U. S. Atty., for Southern District of New York, New York City, Donald H. Shaw, Asst. U. S. Atty., New York City, of counsel, for United States.

Irwin M. Levy, New York City, for defendant.

DAWSON, District Judge.

This is a motion in which the defendant seeks an order suspending the execution of the sentence of the defendant and placing him on probation, or, in the alternative, reducing the sentence imposed on the defendant on September 26, 1958.

The defendant was indicted under two indictments charging him with unlawfully, willfully and knowingly depositing and causing to be deposited for mailing and delivery certain matter, printed circulars, letters, advertisements, writings and notices addressed to one Eric S. Anderson in Waukegan, Illinois, which matter was non-mailable in that they were obscene, lewd, lascivious, filthy and of an indecent character, and in that they gave information, directly or indirectly, as to where, how, by what means and from whom other matter, articles and things which were obscene, lewd, lascivious, filthy and of an indecent character might be obtained. The indictments contained twenty-six different counts covering particular mailings of the material on twenty-six different dates between October 23, 1953 and June 28, 1956. The matter came on for trial on September 18, 1958, before the undersigned. On that date the attorney representing the defendant moved to withdraw the plea of not guilty which had theretofore been entered, and to enter a plea of guilty to all the counts of the indictments. The defendant was present in court and was interrogated by the Court. He stated that he wished to plead guilty to all the counts of the two indictments and that he admitted that on the dates named in the indictments he did cause to be mailed certain printed material and other matter which were obscene, lewd, lascivious, filthy and of an indecent character. At that time the Court questioned the defendant as follows:

"The Court: In making this plea you have discussed the matter with your lawyer, have you?

"The Defendant: Yes, sir.

"The Court: And you realize that by pleading guilty you can be sentenced to jail for the offenses? There has been no promise made to you of leniency or anything else to induce you to make this plea?

"The Defendant: No.

"The Court: Have any such been made to you to induce you to make the plea?

"The Defendant: No.

"The Court: You make the plea willingly and knowingly and because you are actually guilty, is that it?

"The Defendant: Yes."

The defendant's present application for a suspension of sentence or reduction of sentence is based upon an affidavit of his

present attorney, Irwin M. Levy, in which he urges that the defendant had been advised by his then attorney that the defendant would receive a suspended sentence and be placed on probation if he pleaded guilty. The affidavit of Mr. Levy in support of the motion is based purely on hearsay, in that he states that the defendant had informed him of such conversations with his attorney. It is not supported by any affidavit of Mr. Somers, who was defendant's former attorney; there is no proof whatsoever that Mr. Somers had been so advised by Government counsel, or that any promises were made to the defendant either by his attorney or by the United States Attorney's office.

The affidavit of Mr. Levy that the defendant had told him that his previous attorney had made such representations to him is meaningless unless supported by an affidavit of the then attorney, or by some indication that some such promises were made. The fact that Mr. Levy makes such an affidavit and does not support it by affidavits from persons who are in a position to know the facts casts serious doubts upon the allegations made therein. Certainly, if it could be, his affidavit would be supported by affidavits of persons in a position to know the truth of the matter. This is particularly true in light of the statements of the defendant at the time the plea of guilty was entered by him, especially his statements that he discussed the plea with his lawyer, and that he realized that he could be sentenced to jail for the offenses to which he was pleading guilty, and that no promises of leniency had been made to him to induce him to make the plea.

The Court sentenced the defendant to three years in jail on each count, sentence to run concurrently, and to a fine of $1,000. The defendant has had a criminal record ever since 1914 when he was convicted of burglary. He was convicted again in the following year for burglary.

In 1921 he was convicted of gambling, possession of burglar's tools and assault; in 1930 he was convicted of possession of a gun; in 1932 he was convicted of extortion and impersonating a government officer; in 1940 he was convicted of burglary; in 1944 convicted of transporting alcohol where the tax had not been paid; in 1945 he was convicted in the State Court of possession of obscene matter. In 1956 he was convicted in this court of mailing obscene matter. At that time he was given a suspended sentence and placed on probation. While still on probation he resumed the occupation of mailing obscene matter, and at least one of the counts of the indictment to which he pleaded guilty related to the mailing of obscene matter during the period when he was on probation in this court arising from the 1956 sentence, which also related to the mailing of obscene matter.

The Court is therefore faced with the sentencing of a man who had been engaged in criminal activities almost all his life and who once before had been convicted of the same offense in this court and given a suspended sentence, and while on probation resumed the same occupation of mailing obscene matter. The Court examined some of the exhibits which the Government was ready to introduce in evidence at the trial and commented at the time of sentencing as follows:

"* * * I have never seen anything as disgusting and filthy as that material. There were lascivious pictures of men and women in the nude, pictures of actual sexual intercourse in operation between nude figures, showed nude figures engaging in acts of perversion. * * * I have never seen anything which was so completely devoid of any sense at all, actuated by nothing but pure obscenity, as material this man admittedly was distributing."

The motion is denied. So ordered.